Newman, J.
Defendant in error brought an action in the common pleas court of Clark county, in which he sought to recover the amount of benefits claimed to be due him as a member of The Brotherhood of Railroad Trainmen, plaintiff in error, which is a fraternal beneficiary association. A demurrer to the amended petition was sustained for the reason that facts sufficient to constitute a cause of action were not stated therein, and the defendant in error not desiring to plead further, final judgment was rendered against him. The circuit court, upon petition in error, reversed the judgment of the common pleas court and remanded the cause with direction that the demurrer be overruled.
Defendant in error made his claim for benefits under the following regulation of the association:
“Sec. 68. Any beneficiary member in good standing who shall suffer the amputation or severance of an entire hand at or above the wrist joint, or who shall suffer the amputation or severance of an entire foot at or above the ankle .joint, or who *17 shall suffer the complete and permanent loss of sight of both eyes, shall be considered totally and permanently disabled and shall thereby be entitled to receive, upon furnishing sufficient and satisfactory proofs of such total and permanent disability, the full amount of his beneficiary certificate, but-not otherwise.”
The injury on account of which he claimed benefits is described in his amended petition as follows:
“On the thirteenth day of November, 1908, plaintiff was an employe of the D., T. and I. Railway Company as foreman switchman in the yards of said company in Springfield, Ohio, and when in the performance of his duty as such employe in coupling cars, had his right hand caught between the bumpers of the cars, and it was thereby so crushed, mangled and broken that it became necessary to amputate the thumb thereof, and the hand from above the wrist joint was then so crushed, mangled, broken and severed that during the rest of his lif^ plaintiff is permanently disabled from using the hand to perform any manual service whatever.”
The circuit court took the position that a liberal construction of section 68 of the regulations of the association would include the injury described in the amended petition, and applied the rule announced in Farmers Natl. Bank v. Delaware Insurance Co., 83 Ohio St., 309, to the effect that where there are doubtful terms in a contract of insurance which is prepared by an insurance company, the same should be construed favorably to the insured.
To this court the language employed in section 68 is clear and unambiguous, and there fe no occa *18 sion to resort to any rule applicable to the construction or interpretation of doubtful language.
The amputation or severance of an entire hand, at or above the wrist joint, means the actual cutting off or severing of the same — the removal of the entire hand — and if a member of the association suffers in that respect, or in any of the other respects mentioned in said section, he shall be considered totally and permanently disabled, and shall receive the full amount of his beneficiary certificate, “but not otherwise.”
According to the averments of the amended petition, defendant in error had his right hand caught between the bumpers of the cars, and it was thereby so crushed, mangled and broken that it became necessary to amputate the thumb thereof, and the hand from above the wrist joint was then so crushed, mangled, broken and severed that during the rest of his life he is permanently disabled from using the hand to perform any manual service whatever. The word “severed” is used, but it is wholly inconsistent with what follows, for it is stated that during the rest of his life he is permanently disabled from using the hand — the only inference being that the hand is still there, but useless. The association did not insure him against the injury which is described in the amended petition. There is no authority on the part of the court to make a new contract for the parties. It must deal with the contract as it finds it.
The circuit court, in its opinion, refers to the case of Sneck v. Travelers’ Insurance Co., 34 N. Y. Supp., 545, and holds that the law announced there is applicable. In that casq, the policy of *19 insurance provided against loss, by severance, of one entire hand. The insured lost only a portion of his hand, but it appeared that the part remaining was useless, and it was held that plaintiff had lost his “entire hand,” within the meaning of the policy providing for such loss. In the regulation under consideration here, the word “loss” is eliminated, and the association limited its liability to cases where an entire hand is actually amputated or severed. If, under the regulation in question, defendant in error is entitled to recover for the loss of the use of his entire hand, which has been severed in part only, then the words “at or above the wrist joint” would serve no purpose. The case of Fuller v. Locomotive Engineers’ Mutual Life & Accident Insurance Assn., 122 Mich., 548, where the court reviews a number of cases bearing upon the subject, sustains the position we have taken here.
The common pleas court committed no error in its ruling on the demurrer and in rendering judgment for plaintiff in error, and the judgment of the circuit court is reversed.

Judgment of the circuit court reversed, and that of common pleas court affirmed.

Nichols, C. J., Shauck, Donahue, Wanamaker and Wilkin, JJ., concur. Johnson, J., not participating.